May 6,
1935.

## OPINION OF THE JUSTICES.

At the present session of the legislature the following resolution adopted by the senate was transmitted to the justices of the supreme court on March 20, 1935.

"Be it resolved that the President of the Senate be and hereby is directed to obtain from the Honorable Justices of the Supreme Court their opinion upon the following question:

"Do the provisions of Senate Bill No. 37, An Act relating to compensation for Motor Vehicle Accidents, copy of which is annexed hereto and made a part of this resolution, violate any of the provisions of our State Constitution?"

The following answer was returned:

*To the Honorable Senate:*

The undersigned, the justices of the supreme court, answer your inquiry relative to Senate Bill No. 37 as follows:

The commission proposed by the bill is intended to be an executive tribunal, and not a court within the judiciary department of the state government. The bill proposes to confer upon the commission power to adjudicate certain disputes of a legal character between individuals. A question arises whether such power may be thus vested constitutionally.

Article 37 of the bill of rights in the state constitution declares that the powers of the three branches of government, legislative, executive, and judicial, "ought to be kept as separate from, and independent of each other, as the nature of a free government will admit, or as is consistent with" the unity of the whole.

The reasons for this separation of governmental departments do not here need discussion beyond saying that when the constitution was founded they were urgent and insistent. Historical antecedence and political philosophy made the demand for them imperative. No change in this fundamental principle has taken place. *Opinion of the Justices,* 85 N. H. 562, 569.

It is consistent with the constitution that executive officers should be vested with some judicial power. It is not only convenient but necessary that it be given, in order that government may function. But it must be power needed to enable them to perform their executive duties. It may not be given them merely because it is thought that efficiency and convenience in the administration of a statute will be promoted thereby. "The government has no needs of action in violation of the constitution." *Goodrich Falls Co.* v. *Howard,* 86 N. H. 512, 521.

In the connection between the departments some overlapping is permissible, and there is a region of authority, alternative and concurrent, the boundaries of which are fixed by no final rule. As a rule which meets most situations, when an executive board has regulatory functions, it may hear and determine controversies which are incidental thereto, but if the duty is primarily to decide questions of legal right between private parties, the function belongs to the judiciary. Courts of justice, in their popular sense, may not be set up and established in the executive organization. They pertain exclusively to the branch of the judiciary.

Under this rule the grant or reservation of judicial review of the decisions of an administrative board does not change the character of the decisions. If they are of judicial nature, because performed in the exercise of the strict judicial function, an undertaking to give authority to the courts to review them and to correct the board's

errors of law, does not validate the board's authority. An administrative board may proclaim only administrative judgments. If they may be judicially reviewed, the right to have them reviewed does not transform them into judicial judgments, although the review and action therein is judicial. But a valid administrative judgment has the same force of obligation and finality as a judicial one. The view sometimes adopted that the right of appeal to the courts, either in wide or limited measure, saves action of an executive board from a valid charge of judicial invasion, is not considered to be sound in principle. Authority to correct its errors does not alter the character of its undertaking. "The nature of the final act determines the nature of the previous inquiry." *Prentis* v. *Company*, 211 U. S. 210, 227.

The question how far there may be administrative finality may invoke constitutional issues, but not on the assignment of governmental powers.

The creation of an executive board is justified if its service is to determine and maintain a public right or interest. To accomplish its purposes judicial powers may be necessarily exerted. But they must concern matters of an executive character. They are proper if it may fairly be said that there is need of them in order to produce an efficient and effective administrative enforcement of the public interest.

By way of illustration, taxation is a branch of governmental maintenance. The general charge, control and conduct of taxation is executive. An assessment against a taxpayer is a judgment (*Jaffrey* v. *Smith*, 76 N. H. 168, 171), and so is the abatement of a tax by selectmen (*Melvin* v. *Weare*, 56 N. H. 436, 439). But they are administrative acts because they are performed in pursuance of executive duties. The authority of the courts to entertain appeals in respect to them is judicial because the rights of litigants are then of sole consideration. Enforcement of the public interest is displaced by the administration of justice. The fact that the same question may be passed upon by both executive and judicial tribunals shows that it is not the question itself, but how it arises, that determines its allocation for determination.

When assessing boards determine contests between the state, or its subdivisions, and the taxpayers, they do so in their administrative capacity, and not as courts. If the contests are for practical purposes regarded as trials between litigants, they are so necessarily incident to the enforcement of taxation as to be a part of the enforce-

ment. Performance of the duty to tax calls for an assessment upon each taxpayer, and to hear a taxpayer upon his assessment is within the duty. Whether the decision has finality, or whether there may be an appeal, general or upon restricted issues, to the courts, is to be determined by declared legislative policy. So far as appeals are authorized, their consideration is an exercise of the judicial arm of government.

A public interest to set up in the executive department a court of justice does not warrant a violation of the constitutional order prohibiting it. However much the vesting of the control of private litigation in an administrative board may be thought to aid in the maintenance of some public policy, it is not permissible. It is as much forbidden as it is to require a court to take on executive functions. An administrative officer in the discharge of his duties may have occasion to interpret and apply a law in order to enforce it, but he can have no such occasion in order to determine the rights of private litigants, since he may not be constitutionally authorized to take jurisdiction in respect to them.

The consent or willingness of the litigants to submit their disputes to the official or board is beside the point. The constitution denying the power of the legislature to confer jurisdiction, it may not be conferred by private authority. Action taken by consent might be valid as an unofficial arbitration, but the decision would have no force as a judgment. There would be no power to act in an official capacity.

One purpose of the bill is to induce motor vehicle insurance as an indirect protection to highway travelers, by imposing certain burdens upon uninsured owners. The argument is made that the legislature, in its power to regulate, may prescribe the terms upon which motor vehicles may be operated on the highways. But the terms must be constitutional. A term that one must submit to an unconstitutional court is invalid. There can be no valid existence of the court. The constitution regulates the power of the legislature to regulate. The police power is not so predominant as to be uncontrolled.

Whatever the borderland of doubt and interchange, argument seems unneeded to demonstrate that the function of trying and deciding litigation is strictly and exclusively for the judiciary when it is between private parties, neither of whom seeks to come under the protection of a public interest and to have it upheld and maintained for his benefit. The function cannot be executive unless executive

activity may embrace litigation in general. If the proposed jurisdiction might be bestowed, the limits of executive authority would be almost without bounds and indefinite encroachment on judicial power would be possible.

In its plan for an executive tribunal to adjudicate private litigation the bill is considered to contain a fundamentally invalid proposal.

If the bill were redrafted to assign to the charge of the judiciary the litigation for which it seeks to provide, some parts of it might raise other constitutional issues. But there appears to be no occasion to consider it thus changed. The general plan of the bill resting upon a basic defect, it is understood that no answer is sought upon an assumption of a cure of the defect.

JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
PETER WOODBURY.
ELWIN L. PAGE.

*Robert J. Peaslee*, for the bill.
*Louis E. Wyman*, opposed.