## CARROLL v. E. HEIDENHEIMER, Inc.
### No. 308.

Municipal Court of Appeals for the District of Columbia.

Oct. 4, 1945.

T. Emmett McKenzie, of Washington, D. C., for appellant.

H. Clifford Allder, of Washington, D. C. (Charles E. Ford, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant was the owner of an unset diamond, valued by him at $3,000, which had been stolen from him. More than a year after the theft, appellee, a licensed second-hand dealer, purchased a diamond from an individual and, as required by police regulation, reported the purchase to the police department. The police, believing that the diamond so purchased might be the one stolen from appellant, took possession of it. After investigation by the police department, the police property clerk had a hearing and determined appellant to be the owner of the diamond and ordered it delivered to him.

Thereupon appellee brought action in the trial court against the property clerk for the return of the diamond or its value. Appellant moved and was granted leave to intervene as a defendant. The property clerk moved and obtained permission to deposit the diamond in court and be discharged from the case. The case then proceeded between appellant and appellee to determine ownership of the diamond. After trial without a jury finding was made in favor of appellee.

The only question raised on this appeal is the legal effect to be given to the hearing held by the property clerk and his determination in favor of appellant. Appellant contends that the hearing before the property clerk was an administrative hearing and that the trial court had no power to hear the case de novo but was limited to a review in the same manner that other administrative orders are subject to judicial review.

Title 4, Section 152, of the 1940 Code provides that all property alleged or supposed to have been feloniously obtained, or lost or abandoned, and taken into custody of any member of the police force, shall be given into custody of the property clerk. Title 4, Section 156, as amended May 9, 1941, provides:

"(b) In the event two or more persons claim ownership of any such property or money, the property clerk may give notice

by registered mail to all such claimants of whom he shall have knowledge of the time and place of a hearing to determine the person to whom the property or money shall be delivered. At the time and place so designated the property clerk shall hear and receive evidence of ownership of the property or money concerned, and shall determine the identity of the owner. After such hearing, the property clerk shall deliver the property or money to the person whom the property clerk determines is the owner, his next of kin, or legal representative, and to him or them only."

Appellant contends the above quoted section establishes the administrative proceeding upon which he relies. Appellee argues that the committee report accompanying the bill amending Section 156 clearly shows that it was not the intention of Congress to deprive the courts of jurisdiction to determine title as between conflicting claims. That report (77th Cong., 1st Sess., House Rept.No.377) contains the following statement:

"Of course, the authority given the property clerk to determine ownership does not settle the question of title as between the parties. It merely protects the property clerk from suit in the event of a mistake. If a mistake is made it may be rectified by a suit between the parties to determine ownership."

Appellant answers this argument by saying that the language of the statute is plain and the committee report cannot be used to give the statute a meaning contrary to its plain language.

█ Even if we were to disregard the language of the committee report, we would still be convinced from the language of the statute itself that Congress did not intend by this amendment to oust the courts of jurisdiction to try title to personal property coming into the hands of the police department or its property clerk.

Aside from the constitutional question whether Congress may validly set up an administrative body for the purpose of trying and deciding litigation between private parties,[1] and incidentally deprive them of the right to trial by jury, in our judgment if the statute were intended to create an ad-ministrative body with power to determine ownership of property coming into the hands of police, subject only to review in the manner generally accorded to administrative orders, Congress would have provided for a procedure guaranteeing to the parties "those fundamental requirements of fairness which are of the essence of due process in a proceeding of a judicial nature." Morgan v. United States, 304 U.S. 1, 19, 58 S.Ct. 773, 777, 999, 82 L.Ed. 1129. Determination of title to personal property is basically a judicial function, usually exercised in a common law action.

The statute does not require that the property clerk of the police department have any legal training or possess any knowledge of legal principles. It provides no rules of procedure, trial or review, and sets no standards for formulation of such; no provision is made with respect to competency of witnesses, admissibility of evidence, burden of proof, presumptions, statute of limitations, and other rules which apply in a judicial trial where title to property is in issue. The property clerk is given no power to subpoena witnesses. No provision is made for keeping a record of the proceedings or for judicial review, and if judicial review be implied, there is no designation of the court which shall have the power of review. No limitation is placed upon the power of the property clerk by reason of the value of the property involved.

If Congress had intended that persons, whose personal property by chance comes into the possession of the police department, should be deprived of their rights to a full judicial determination of their claims to the property, it would have said so in plainer language and made provision for safeguarding the rights of the parties in a far more detailed and adequate manner than does this section. Neither directly nor by implication does the statute confer the force and effect of a judgment upon the determination of the property clerk.

Our conclusion is that the Act of May 9, 1941, does not deprive one of his right to judicial determination of his claim to ownership of property in the custody of the police department.

Affirmed.

---

[1] Cf. Re Opinion of the Justices, 87 N.H. 492, 179 A. 344, 357, 110 A.L.R. 819.