**Jacob MINOVITZ, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 16638.**

United States Court of Appeals District of Columbia Circuit.

Submitted Dec. 12, 1961.

Decided Jan. 4, 1962.

Mr. Kenneth D. Wood, Washington, D. C., submitted on the brief for appellant.

Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Thomas A. Flannery, Asst. U. S. Attys., submitted on the brief for appellee. Mr. Arnold T. Aikens, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

This appeal is from a judgment of conviction for violations of the gambling laws.[1] Appellant was charged with the operation of a lottery, possession of numbers slips, and maintaining gambling premises. Certain evidence was admitted over appellant's objection following denial of his motion to suppress. The questions presented by the admission of this evidence concern the validity of a warrant for appellant's arrest and of a warrant for the search of the premises wherein appellant was apprehended and the evidence obtained. It is contended that both warrants were issued without probable cause and also that the search warrant was too broad in its description of the premises to be searched.

The officers went about their duties in a manner which gives the appellant no legal ground for successfully challenging the validity of the warrants. For a period of several weeks the officers who obtained the warrants made a careful investigation of suspicious conduct of appellant and of activities carried on at the premises in question. On the basis of the information received and their personal observations, as set forth in the affidavit submitted to the United States Commissioner who issued the warrants, the officers had probable cause to conclude that appellant was engaged in illegal gambling operations, and that the premises were being used to conduct an illegal gambling enterprise. See Jones v. United States, 362 U.S. 257, 267–272, 80 S.Ct. 725, 4 L.Ed.2d 697, remanded on other grounds; Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed. 2d 134; Washington v. United States, 92 U.S.App.D.C. 31, 32, 202 F.2d 214, 215, cert. denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377.

With the warrants the officers proceeded during the daylight hours to the premises named in the search warrant, knocked on the door, explained their purpose, and were admitted without objection. Two of the officers then went to the third floor where they knocked on the door to a room, explained their purpose to the occupants of the room, and were admitted, again without objection. Finding appellant in the room the officers informed him of the warrant for his arrest, arrested him,

[1]. 22 D.C.Code §§ 1501, 1502, 1505, 1508 (1961).

684

and, incidental to the arrest, searched the room and seized the evidence.

The search warrant is not in the record before us, but the information in the record as to its content indicates that it authorized a search of the entire house described in the warrant, but only for gambling paraphernalia described in the warrant. Appellant contends this warrant was invalid because the premises were occupied by other persons who were apparently not associated with the unlawful venture. But the police on two occasions had made inquiry as to the occupancy of the building and on both occasions their investigation had revealed that the house was a private dwelling and not an apartment or rooming house. In any event, the questioned evidence was seized in the room at the time of the arrest of appellant and was incidental thereto. Since the evidence was also relevant and material its use at the trial was permissible. United States v. Rabinowitz, 339 U.S. 56, 70 S. Ct. 430, 94 L.Ed. 653.

Affirmed.