**$1,407.00 IN UNITED STATES CURRENCY, (Charles G. Daugherty), Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 4192.

District of Columbia Court of Appeals.

Argued April 22, 1968.

Decided May 29, 1968.

8. H.R.Rep. No. 3244, 81st Cong., 2d Sess. (1951); H.R.Rep. No. 538, 82d Cong., 1st Sess. (1951); S.Rep. No. 1989, 82d Cong., 2d Sess. (1952).

William J. Garber, Washington, for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Principal Asst. Corp. Counsel, were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from an order of condemnation and forfeiture of $1,407.00.[1] Appellant claims that the trial court should have granted his motion for a finding on the ground that the government had not established by a preponderance of the evidence that the moneys seized were "used or to be used" in a lottery.[2]

On June 30, 1966, several police officers entered a carryout shop armed with a U. S. Commissioner's arrest warrant for a "John Doe" who was identified as the appellant. There they found him, holding a folder in his hand which he attempted to conceal behind a counter when he saw the approaching officers. After the arrest, a search of his person revealed $1,218 in the folder taken from him; $175 was found in his wallet with a "cut card" and a slip of paper;[3] and $14 in one dollar bills together with some change were found in his front pants pocket. "Numbers slips"[4] were found in his shirt pocket. He had not been employed for a year and a half prior to his arrest, but claimed that the money seized was his savings and that he intended to use it to purchase a business. However, appellant was vague about the type of business he planned to purchase, and admitted that he was unfamiliar with the person from whom he planned to purchase the business, the terms of the purchase, and the type of license required, and that he lacked previous business experience.

The only question presented is whether the evidence is sufficient to support the trial court's order of condemnation and forfeiture.

A libel action for forfeiture of property is a civil and not a criminal action,[5] and a showing by the preponderance of the evidence[6] that the moneys were in fact "used or to be used" in an unlawful gambling operation would meet that statutory test.[7]

---

1. D.C.Code 1961 (Supp. V), § 22–1505 (c) (1).

2. Id.

3. An expert witness testified that the "cut card" and the slip of paper were considered as gambling paraphernalia.

4. Appellant pled guilty to the charge of possession of "numbers slips." D.C.Code 1961, § 22–1502.

5. United States v. Bell, 120 F.Supp. 670, 671 (D.D.C.1954).

6. One 1961 Lincoln Continental Sedan v. United States, 360 F.2d 467, 469 (8th Cir. 1966).

7. D.C.Code 1961 (Supp. V), § 22–1505 (c) (1).

■ Possession of "number slips" is considered prima facie evidence of the possessor's involvement in an illegal lottery.[8] The possession of large quantities of money, together with "numbers slips" and other gambling paraphernalia, has been treated as evidence that this money was used or intended to be used in a lottery.[9] It was pointed out in a recent case that "[a] sufficient amount of currency to meet the demands of a bookmaker appears to be a necessary and closely related implement or facility for the business" of conducting illegal gambling operations.[10] Furthermore, courts have also attached significance to the conduct of the claimant at the time of arrest. Where, as here, the appellant attempted to conceal the money from the arresting officers, his actions may be considered as evidence of intentions regarding the use of that money in the unlawful gambling activity.[11]

The reasonableness of appellant's explanation of his possession of the large sum of money is also significant. Here, his admitted unfamiliarity with the business he claimed to be planning to purchase, the person from whom he expected to make the purchase, and the terms of the purchase, taken together with his history of lack of business experience and his having been out of work for more than a year, all tend to support the trial court's rejection of this explanation. The standard of reasonableness was applied in Dufauchard v. Ward, 51 Ill. App.2d 42, 200 N.E.2d 833, 835 (1964), where the court stated that "the character of the funds must be determined also by comparison with the plaintiff's fantastic 'explanation' * * *" of his possession of the funds seized.

■ Therefore, we agree that the trial court had sufficient evidence before it to order condemnation and forfeiture of the moneys seized from appellant's person at the time of his arrest.

Affirmed.

---

8. D.C.Code 1961, § 22–1501.

9. Quidley v. Commonwealth, 190 Va. 1024, 59 S.E.2d 52 (1950).

10. One 1961 Lincoln Continental Sedan v. United States, supra Note 6, at 470; and see United States v. $4,298.80 in Currency, 179 F.Supp. 251 (D.Md.1959), and Quidley v. Commonwealth, supra Note 9.

11. United States v. Leveson, 262 F.2d 659 (5th Cir. 1959); Commonwealth v. Petrillo, 158 Pa.Super. 354, 45 A.2d 404 (1946).