**$3,265.28 IN UNITED STATES CURRENCY**
(Preston Brewington and Vera Brewington), Appellants,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 4299.

District of Columbia Court of Appeals.

Argued Oct. 22, 1968.

Decided Jan. 28, 1969.

William J. Garber, Washington, D. C., for appellants.

John R. Hess, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, and Hubert B. Pair, Principal Asst. Corporation Counsel, were on the brief for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

This is an appeal from a judgment in a libel proceeding pursuant to D.C.Code 1967, § 22–1505(c), which declared $3,265.28 forfeit to the District of Columbia because the money was "used or to be used" in carrying on a lottery.[1] We affirm.

On June 3, 1966, police officers executed a search warrant based upon alleged violations of the Alcoholic Beverage Control Act and directed to the entire premises occupied by appellants, Mr. and Mrs. Brewington. On the first floor the officers found in one room 40 cans of beer and in another room a small chest which contained nine half-pints of whiskey and two notebooks in which numbers bets were recorded. Some of the numbers had been played on the day of the search and others had been played on numerous days prior thereto. The bets were generally in amounts less than one dollar, but the average "take" was estimated to be between $25 and $40 per day.

The police continued their search under the warrant on the second floor where they found a locked trunk in the bedroom occupied by appellants. When appellants opened it at the request of the officers, it contained clothing, U.S. Savings Bonds, a pistol, and $3,265.28 in cash. The money consisted of coins of various amounts, including silver dollars, and paper money in denominations of $1 to $100. The coins and paper money were in two boxes and the silver dollars in a container.

Appellant Vera Brewington claimed that she did not know there was any money in the trunk but she declared that the notebooks full of numbers bets were hers. She subsequently pled guilty to the possession of numbers paraphernalia which is a violation of D.C.Code 1967, § 22–1502.

Appellant Preston Brewington testified at the libel proceeding: that the money represented neither gambling capital nor bet holdings, but his personal savings earned since 1952 as a construction worker; that he did not believe in putting his savings in a bank and so kept it at home as cash; that his wife did not know about the money in the trunk because he did not believe in telling her all of his business; that the silver dollars were a collection belonging to his children; and, that he had known books and numbers bets were in his home but that he himself had not engaged in this numbers operation.

Cross-examination revealed that Brewington's employment as a construction worker had been occasional and that he could remember the name of only one employer and place of work during the period he had testified he was earning pay for his work.

The trial court found that the Brewingtons' home was being used for the purpose of conducting a numbers operation, that the presence of a large amount of money, including silver, on the premises is the usual practice in numbers operations, that the money in the trunk was the fruit of the numbers operation and therefore forfeit to the District of Columbia, and that neither appellant Preston Brewington's explanation of the presence of such an amount of money on the premises in such an unusual form nor his statement that his wife knew nothing about it was worthy of belief.

▆▆▆▆ Appellants contend on appeal that the District failed to meet its burden of

---

1. D.C.Code 1967, Section 22–1505(c) states in pertinent part:

All moneys * * * used or to be used—

(1) in carrying on or conducting any lottery * * * shall be subject to seizure by * * * the Metro-

politan Police force * * * and any property seized * * * shall be proceeded against * * * by libel action * * * and shall, unless good cause be shown to the contrary, be forfeited to the District of Columbia * * *.

showing that the money seized was a part of any gambling operation. Libel actions for forfeiture are civil in nature and the Government need prove its case only by a preponderance of the evidence.[2] We are proscribed from reversing the trial court sitting without a jury on factual matters "unless it appears that the judgment is plainly wrong or without evidence to support it". D.C.Code 1967, § 17–305(a). There was evidence adduced: that numbers bets were being taken by Vera Brewington in amounts up to $40 per day and she admitted possessing numbers paraphernalia on the premises, which is prima facie evidence of her participation in an illegal lottery;[3] that an unusually large amount of silver and paper money in small denominations was on the premises, and places of numbers operations have substantial cash capital on hand, both as a result of receiving bets and in order to pay winners;[4] and that Preston Brewington's explanation of the money's presence was improbable,[5] and he acknowledged that a numbers operation was taking place in his home. We conclude that there was sufficient evidence to support the forfeiture order.

 Appellants contend that the taking of the money by police exceeded the scope of the search warrant which only authorized seizure of alcoholic beverages evidencing violation of the Alcoholic Beverage Control Act. Seizure of the means and instrumentalities as well as the fruits of crime are recognized as exceptions to the Fourth Amendment proscription. Edelin v. United States, D.C.App., 227 A.2d 395, 397 (1967). Money found to be gambling capital in a numbers operations, as here, is both a means and an instrumentality by which a crime is committed. Therefore, its seizure was proper.

The judgment is

Affirmed.

---

2. Section 22–1505(c), supra, note 1, states that forfeiture will occur "unless good cause be shown to the contrary". See $1407.00 in United States Currency v. District of Columbia, D.C.App., 242 A.2d 217 (1968); One 1961 Lincoln Continental Sedan v. United States, 360 F.2d 467, 469 (8th Cir. 1966). See also 38 Am.Jur. 2d Gambling § 177 (1968) and 36 Am. Jur.2d Forfeitures and Penalties § 42 (1968).

3. D.C.Code 1967, Section 22–1501.

4. $1407.00 in United States Currency v. District of Columbia, supra note 2; United States v. $4,298.80, 179 F.Supp. 251 (D.Md.1959).

5. $1407.00 in United States Currency v. District of Columbia, supra note 2; United States v. $1,058.00, 210 F.Supp. 45, 50 (W.D.Pa.1962).