Bertha G. MYRICK, Appellant,

v.

NATIONAL SAVINGS & TRUST COMPANY, a corporation, Appellee.

No. 5200.

District of Columbia Court of Appeals.

Argued June 22, 1970.

Decided Aug. 3, 1970.

Erias S. Hyman, Washington, D. C., for appellant.

Edgar T. Bellinger, Washington, D. C., with whom Alexander M. Heron, Washington, D. C., was on the brief, for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge.

Appellant, Miss Myrick, opened a checking account with the appellee bank on June 18, 1965, and made deposits into it regularly through March 1966. She received a statement from the bank dated July 2, 1965, which reflected her initial deposit opening the account. There were no checks listed on the statement and apparently, none accompanied it. Thereafter, she received some cancelled checks, which were dated from mid-July to about mid-September, but no statements reflecting them. She received no other checks or statements although the bank prepared and mailed them monthly to its customers.[1]

In December 1965 or January 1966, she went to the bank to inquire about borrowing money and she was informed that there was no money in her checking account. She was shocked by this information and left the bank without further comment.

Several months later, in April of 1966, she returned to the bank, consulted with a vice president, and compared figures in her records with those in the bank's records. Many of the checks listed in the bank's records were not recorded in her's; they amounted to $1,769.41. And for the first time, Miss Myrick mentioned to the bank that forgery was involved.

She brought this action against the bank after it refused to reimburse her for the payment of allegedly forged checks. The jury rendered a verdict in the amount of $1,769.41 in her favor, but the bank's motion for judgment notwithstanding the verdict was granted. The question presented on this appeal is whether it was error to grant that motion.

After a thorough review of the record, we hold that the motion was properly granted.

Of course, in reviewing the trial court's grant of judgment n. o. v. in favor of the bank, we must view the evidence in a light most favorable to Miss Myrick and she is entitled to all reasonable inferences therefrom.[2] However, "she is not entitled to inferences based on guess or speculation."[3]

With these rules of appellate review in mind, we hold that Miss Myrick established only that many of the checks charged to her account were not reflected in *her* records. Her claim, and the jury's apparent inference, that those checks which were not produced in evidence, amounting to $1,580.18, were drawn by a forger is based on guess and speculation.[4] In a civil case, the burden of proof required is a fair preponderance of the evidence. Edwards v. Mazor Masterpieces, Inc., 111 U.S.App. D.C. 202, 295 F.2d 547 (1961). And this burden cannot be successfully carried by speculation. Rule v. Bennett, *supra* note 3. In our view there was no basis upon which the jury could reasonably have inferred or found that the missing checks were drawn

---

1. She had received monthly statements when she had her account with another bank but she made no inquiry of appellee as to her failure to receive statements from it.

2. *E. g.*, Vaughn v. Neal, D.C.Mun.App., 60 A.2d 234 (1948).

3. Rule v. Bennett, D.C.App., 219 A.2d 491, 494 (1966).

4. Of course, had those checks been before the jury, it then could have reasonably found that they were drawn by a forger. Williston v. Heritage Supply Co., D.C. Mun.App., 155 A.2d 253, 255 (1959).

by a forger and therefore improperly charged to Miss Myrick's account.[5]

However, five of the allegedly forged checks, amounting to $189.23 of the claimed $1,769.41, were introduced into evidence. These bore dates from late February to late March 1966. As to these, Miss Myrick's claim must fail also.

The record is devoid of any evidence justifying her failure to inquire of the bank as to her lack of receipt of monthly statements and cancelled checks. We hold that Miss Myrick was negligent as a matter of law in not making this inquiry of the bank, especially after she had been told that the

bank's records showed that she had no money in her account. This was well before the first of the five checks was dated in late February and paid by appellee in early March.

Considering these circumstances, we think her "negligence substantially contribute[d] * * * to the making of an unauthorized signature [and that she] is precluded from asserting the * * * lack of authority against * * * [the] drawee * * *." D.C.Code 1967, § 28:3-406.[6]

In light of the foregoing, we affirm.

Affirmed.

---

5. D.C.Code 1967, § 28:3-404(1).

6. There was no evidence that the bank had not paid these checks "in good faith and in accordance with the reasonable commercial standards of" its business. § 28:3-406.