Bernice and James **THOMAS**, (One 1967 Cadillac Eldorado, Serial No. H7182849), Appellants,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 6244.

District of Columbia Court of Appeals.

Argued April 10, 1972.

Decided June 23, 1972.

Ralph H. Dwan, Jr., Washington, D. C., for appellants.

E. Calvin Golumbic, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

PER CURIAM:

This appeal is from an order of condemnation and forfeiture of a Cadillac automobile on the ground that it was used, or to be used, in carrying on or conducting a lottery.[1] The owners of the automobile were James Thomas and his wife. We shall refer to him as the appellant.

The evidence showed that for a period of approximately 3 weeks police had under surveillance certain named premises suspected of being used for operation of a numbers game or lottery; that during this period appellant was observed to arrive on the scene daily in his blue Cadillac at the time of day usually used by runners for

---

1. D.C.Code 1967, § 22–1505(c) (Supp. V, 1972).

turning in their "numbers work" to a "drop-off point"; that after parking his automobile and constantly looking over his shoulder appellant would enter the premises, carrying an envelope, newspaper or bag. Often appellant's pockets were bulging when he entered but appeared normal when he left. He usually stayed inside about 20 minutes. Between 12 and 20 other people were observed to enter and leave the premises around the same hour of the day and under the same circumstances as appellant.

A search warrant was obtained for the premises and upon its execution there were found the "proprietor" of the premises and a desk covered with numbers slips and money. A search of the desk disclosed more numbers slips and money. The proprietor was arrested, and a further search revealed appellant and another person hiding in the kitchen closet. On the floor of the closet were several numbers slips and a revolver. A search of appellant revealed a "cut card" in his right front pocket.

Appellant denied using his automobile for carrying gambling equipment. His testimony essentially was that he visited the premises probably 4 or 5 times a week but went there only to play checkers, and that as he usually went there around lunch time he frequently carried his lunch there in a paper bag. The trial judge, in holding that the government had proved its case, found that a substantial portion of appellant's testimony was "not worthy of belief."

■ On the basis of the foregoing recital we find no merit to appellant's contention that the evidence was insufficient to support the judgment of forfeiture. It is true that evidence of use of the automobile in carrying on a lottery was circumstantial, but a conviction in a criminal case may be sustained on evidence that is entirely circumstantial,[2] and here the government's burden was proof by a preponderance of the evidence and not beyond a reasonable doubt.[3]

Affirmed.

2. Hardeman v. United States, 82 U.S.App. D.C. 194, 163 F.2d 21 (1947). See also Shelton v. United States, 83 U.S.App.D.C. 257, 169 F.2d 665, cert. denied, 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387 (1948).

3. $1,407.00 in United States Cur. v. District of Columbia, D.C.App., 242 A.2d 217 (1968).