Manuel Rocco VASILE, One 1969 Lincoln Automobile, D.C. Reg. 629–806 Serial No. 9Y89A853838, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.

No. 6309.

District of Columbia Court of Appeals.

Argued Aug. 8, 1972.

Decided Oct. 31, 1972.

Philip Stein, Washington, D. C., for appellant.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal by the owner of a 1969 Lincoln Continental from a judgment of forfeiture of that auto to the District of Columbia in a libel action under D.C.Code 1967, § 22–1505(c) (Supp. V, 1972).

Pursuant to a search warrant, a police officer searched the above car, then operated by appellant Vasile,[1] at 20th Street and Florida Avenue, N.W., in this city, and found on the front seat three rolled-up newspapers containing three envelopes in which there were numbers slips.

The following are the sketchy facts leading to the search. A police officer observed the vehicle at the west end of Union Station being operated by appellant Vasile. After parking it, appellant entered Union Station, carrying nothing, and shortly returned to the car with a roll of newspapers under his arm and drove away. The officer followed appellant to the rear of 1737 Connecticut Avenue and saw him enter the rear of the premises with a roll of newspapers under his arm. Later that day while operating the same vehicle appellant was stopped at 20th Street and Florida Avenue, N.W. The officer announced he had a search warrant and proceeded to search the vehicle. On the front seat, he discovered three rolled newspapers containing three envelopes with numbers betting slips inside. These were then seized and appellant was arrested. That is the entire evidence upon which a forfeiture of the auto was ordered.[2]

Appellant contends the evidence was insufficient to establish that the seized vehicle was being used in carrying on or conducting a lottery, or in maintaining any gambling premises. He argues that the mere possession of the numbers slips in the vehicle was not enough to show the auto was being used to conduct a lottery or to maintain any gambling premises.[3]

A libel action for forfeiture of property is a civil action. It was required of the government that it show by a preponderance of the evidence that the vehicle was "used or to be used" in the unlawful gambling operation. $1,407.00 in United States Currency v. District of Columbia, D.C.App., 242 A.2d 217 (1968). In assessing the sufficiency of the evidence, we are aware that no testimony was offered on behalf of appellant. Nevertheless, the evidence offered by the government was minimal at best and fell short of the showing required under the statute.[4]

If the government had offered evidence showing that appellant was engaged in a numbers operation when he went into Union Station and 1737 Connecticut Avenue it might have approached the necessary showing on the use of the vehicle. But it did not do so and we only have appellant either exiting or entering those two buildings with rolled newspapers. This smattering of testimony was insufficient to establish a *use* of the vehicle *in*[5] an unlawful gambling operation.

The government seems to contend that appellant's possession of the numbers slips constituted under the statute prima facie evidence of his involvement in a lottery (D.C.Code 1967, § 22–1501 (Supp. V, 1972)) and, being unrebutted, this was sufficient to support the trial court's finding.

1. The auto is owned by appellant Vasile and his wife.

2. It appears that on a later occasion an adding machine was seized from appellant's apartment but, though it was also involved in the libel action, appellant made no claim for its return and makes no issue concerning it on appeal.

3. Appellant also attacks the constitutionality of the statute involved but in view of our disposition of the case we need not reach this question.

4. At the outset of the trial the government indicated it might offer testimony in addition to the result of the surveillance which appears in this record but for some reason it omitted to do so.

5. *See* United States v. Lane Motor Co., 344 U.S. 630, 631, 73 S.Ct. 459, 97 L.Ed. 622 (1953).

While this may be true insofar as it might have related to a criminal charge against appellant for conducting a lottery, more is needed to establish a prima facie showing that the seized *vehicle* was *used in* an unlawful gambling operation.

We conclude the government's evidence was so meager as to fall short of a prima facie case. Consequently, the trial court's finding of the statutory violation was plainly wrong (D.C.Code 1967, § 17–305(a)), and the judgment as it relates to the vehicle must be reversed.

Judgment reversed insofar as it relates to the Lincoln Continental and affirmed as it relates to the adding machine.[6]

---

6. As we have indicated, appellant raised no issue as to the seizure of the adding machine at his residence (*see* note 2, *supra*).