**$345.00 IN UNITED STATES CURRENCY, (Ricardo Frank PATTERSON), Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 87–306.

District of Columbia Court of Appeals.

Argued Jan. 21, 1988.
Decided Jan. 28, 1988.[1]

Stephen K. Ott, Washington, D.C., for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

This appeal is from a judgment in a forfeiture action pursuant to D.C.Code

1. The decision in this case was originally released as a Memorandum Opinion and Judg-
ment. The court has granted appellant's request for publication.

§ 33–552(a)(6) (1987 Supp.), ordering $345.00 forfeited to the District of Columbia. Appellant's primary contention on appeal is that the evidence presented by the government at trial was insufficient to support the judgment of forfeiture.[2] We affirm.

## I

The government's evidence showed that on January 7, 1985, at approximately 7:00 p.m., Officers James Whitaker, Jr., and Curtis Jones of the Metropolitan Police Department sat in an unmarked police vehicle conducting routine narcotics surveillance in the area of 17th and Fuller Streets, N.W. At the time, that area was known for a high incidence of drug trafficking. For approximately fifteen to twenty minutes, the officers observed two men, appellant, Ricardo Frank Patterson, and Norris Lee Spate, standing on a corner. When a car stopped at the corner, Spate approached and briefly conversed with the driver. Spate then removed an envelope from his pocket and passed it to the driver. In return, the driver handed Spate a single banknote. As the car drove away, Spate handed the money to appellant, who placed it in his pocket.

Immediately after this transaction, the officers approached and arrested both men.[3] Twenty-one manila envelopes, each containing cannabis with a street value of $5.00, were found on Spate's person. No drugs were found on appellant's person, but $345.00 was recovered from his right trousers pocket. This sum consisted of twenty-seven $5 bills, thirteen $10 bills, and four $20 bills.

Although the case against appellant was "no-papered,"[4] the District instituted a forfeiture action against the $345.00 pursuant to D.C.Code § 33–552 (1987 Supp.). Following a non-jury trial, the court found that appellant had engaged in the illegal drug sale, and that the money seized from him was used or intended for use in that crime. Accordingly, the court ordered forfeiture of the currency pursuant to § 33–552(a)(6).

## II

The District of Columbia Uniform Controlled Substances Act of 1981, D.C.Code §§ 33–501 through –567 (1987 Supp.) (hereinafter "the Act"), provides for a comprehensive scheme governing the illicit use of controlled substances. Section 33–552, the general forfeiture provision, authorizes the forfeiture of various tangible items, as well as moneys, negotiable instruments, and securities connected with any violation of the Act. The controlled substances themselves are also subject to forfeiture. The subsection applicable here, § 33–552(a)(6), renders forfeitable "all cash or currency which has been used, or was intended for use, in violation of [the Act]."

An action for forfeiture of property has been viewed traditionally as a civil action.[5] *See Helvering v. Mitchell*, 303

---

**2.** We reject appellant's contention that the trial court's findings of fact are not supported by the record. Also rejected is appellant's claim that the court erred in permitting the District to introduce into evidence the twenty-one packets of cannabis. *See Punch v. United States*, 377 A.2d 1353, 1358 (D.C.1977), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

**3.** We are satisfied that there existed probable cause for the arrest. *See Mozingo v. United States*, 503 A.2d 1238, 1240 (D.C.1986) (citing *Munn v. United States*, 283 A.2d 28, 30 (D.C. 1971)).

**4.** Appellant was apparently charged with a violation of D.C.Code § 33–541(d) (1987 Supp.) which provides:

It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a misdemeanor and upon conviction may be imprisoned for not more than 1 year, fined not more than $1,000, or both.

**5.** Indeed, earlier decisions of this court interpreting D.C.Code § 22–1505 (1981), have consistently held that actions for forfeitures of moneys or items used or intended for use in carrying on an unlawful gambling operation are civil in nature. *Vasile v. District of Columbia*, 296 A.2d 443, 444 (D.C.1972); *$3,265.28 In United States Currency v. District of Columbia*, 249 A.2d 516, 518 (D.C.1969); *$1,407.00 In United*

U.S. 391, 400, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938) (Brandeis, J.) (forfeiture of goods or their value is sanction recognized as enforceable by civil proceedings); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984) (actions *in rem* traditionally viewed as civil proceedings with jurisdiction dependent upon seizure of physical object (citing *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974))). Nonetheless, in order to determine whether a specific statutory penalty is civil and remedial or criminal and punitive, we apply the analysis set forth in *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980), which includes a consideration of the factors enumerated in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963). Having applied that analysis to the statute at issue here, we conclude that the forfeiture sanction imposed by § 33–552 is civil and remedial in purpose and effect. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 543–45 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988); *United States v. $2,500 In United States Currency*, 689 F.2d 10, 12–14 (2d Cir.1982), *cert. denied*, 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984).

It follows, then, that in a § 33–552 forfeiture action the government need prove its case only by a preponderance of the evidence.[6] *See United States v. Regan*, 232 U.S. 37, 47–48, 34 S.Ct. 213, 216–217, 58 L.Ed. 494 (1914); *Green v. District of Columbia Department of Employment Services*, 499 A.2d 870, 877 (D.C.1985) (citing *Myrick v. National Savings & Trust Company*, 268 A.2d 526, 527 (D.C.1970); *Edwards v. Mazor Masterpieces, Inc.*, 111 U.S.App.D.C. 202, 204, 295 F.2d 547, 549 (1961)).

### III

■ In the instant case, the government's evidence showed that a large amount of money was found on appellant's person, a substantial quantity of drugs was recovered from Spate, and appellant's activities at the scene were consistent with the role of a "holder" in an illegal drug-trafficking scheme. Given this, the trial court could find, by a preponderance of the evidence, that the $345.00 had been used, or was intended for use, in violation of D.C.Code §§ 33–501 through –567. Accordingly, we conclude that the evidence presented by the government was sufficient to support the judgment of forfeiture.[7] *See Carpenter v. United States*, 475 A.2d 369, 374–75 (D.C.1984) (appel-

*States Currency v. District of Columbia*, 242 A.2d 217, 218 (D.C.1968).

6. A forfeiture action pursuant to D.C.Code § 33–552 differs procedurally from a forfeiture action brought under § 511 of The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801–966 (1976). A § 511 forfeiture action is controlled by 19 U.S.C. § 1615, which requires the government to go forward with evidence in order to establish probable cause that the items or moneys were used in violation of 21 U.S.C. §§ 801–966. Once the government establishes probable cause, the burden of proof then lies upon the claimant to show by a preponderance of the evidence that the items or moneys were not so unlawfully used. *E.g., United States v. $250,000 In United States Currency*, 808 F.2d 895, 897 (1st Cir.1987); *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir.1986). By contrast, in a § 33–552 forfeiture action, the burden of proof rests with the government to *show* by a preponderance of the evidence that the items or moneys were used in violation of D.C.Code §§ 33–501 through –567.

In response to several issues alluded to by appellant in his brief, we feel constrained to add further that given the difference in the burdens of proof in a criminal and civil proceeding, collateral estoppel does not bar the government from initiating a § 33–552 civil forfeiture action following an accused's acquittal on the underlying criminal charges. *See United States v. One Assortment of 89 Firearms, supra,* 465 U.S. at 361–62, 104 S.Ct.. at 1104. Double Jeopardy is equally inapplicable because, as we have already said, a § 33–552 forfeiture action imposes a civil, not a criminal, sanction. *See id.* at 360–61, 104 S.Ct. at 1103–04. Finally, the entry of a *nolle prosequi* or a "no-papering" of the case does not bar the initiation of a § 33–552 forfeiture action, so long as there existed probable cause for an arrest.

7. We note that the trial court found that the evidence demonstrated "with certainty beyond a reasonable doubt that the money was possessed by [appellant] in connection with the sale of the marijuana...."

683

lant's activities at scene of illegal drug sale supported charge of constructive possession of heroin).

*Affirmed.*