**Abram SPENCER, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 91–CV–338.**

District of Columbia Court of Appeals.

Submitted April 28, 1992.
Decided Oct. 30, 1992.

---

Charles A. Brady, Washington, D.C., was on the brief, for appellants.

John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Rosalyn Calbert Groce, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before FERREN, TERRY, and FARRELL, Associate Judges.

TERRY, Associate Judge:

The District of Columbia filed a libel *in rem* against certain money and property seized by the police when they executed a series of search and arrest warrants, seeking a forfeiture of that money and property under D.C.Code § 22–1505(c) (1989). The warrants, which resulted from a police investigation of a large-scale gambling operation, were executed at three different locations, including appellants' home. Appellants Abram and Billie Spencer, claimants of some of the money and of an automobile (a 1981 Lincoln four-door sedan), sought the return of those items and the dismissal of the libel. After a non-jury trial, the court found by a preponderance of the evidence that the seized items had been used in an illegal gambling operation in which Mr. and Mrs. Spencer were involved. It therefore ordered that the money and property be forfeited to the District of Columbia. From that order the Spencers bring this appeal. We affirm.

I

The property at issue here was forfeited pursuant to D.C.Code § 22–1505(c) (1989), which provides in relevant part:

All moneys, vehicles ... or other things of value used or to be used: (1) in carrying on or conducting any lottery ... or (3) in maintaining any gambling premises, shall be subject to seizure by any member of the Metropolitan Police force ... and any property seized regardless of its value shall be proceeded against in the Superior Court of the District of Columbia by libel action brought in the name of the District of Columbia ... and shall, unless good cause be shown to the contrary, be forfeited to the District of Columbia.

Appellants argue that in forfeiture proceedings under this statute, the government must prove beyond a reasonable doubt that illegal gambling activity has occurred. Controlling precedent is to the contrary.

■ *In rem* proceedings in general, and forfeiture actions in particular, are proceedings against property, not persons, and are civil in nature. *See Helvering v. Mitchell*, 303 U.S. 391, 400, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). It is, of course, beyond dispute that in civil actions (with rare exceptions) the plaintiff is required to demonstrate the merits of his or her claim by only a preponderance of the evidence. *United States v. Regan*, 232 U.S. 37, 47–48, 34 S.Ct. 213, 216–17, 58 L.Ed. 494 (1914); *Green v. District of Columbia Department of Employment Services*, 499 A.2d 870, 877 (D.C.1985). This court has specifically upheld the application of a preponderance standard to forfeiture proceedings under D.C.Code § 22–1505(c). *$3,265.28 in United States Currency v. District of Columbia*, 249 A.2d 516, 518 (D.C.1969) ("Libel actions for forfeiture are civil in nature, and the Government need prove its case only by a preponderance of the evidence" (footnote omitted)); *$1,407.00 in United States Currency v. District of Columbia*, 242 A.2d 217, 218 (D.C.1968) ("a showing by the preponderance of the evidence that the moneys were in fact 'used or to be used' in an unlawful gambling operation would meet that statutory test" (footnotes omitted)). Appellants' assertion that a criminal standard of proof beyond a reason-

able doubt should apply here must be rejected in light of these decisions.

■ A case that is quite close to this one on its facts, although it involves a different forfeiture statute, is *$345.00 in United States Currency v. District of Columbia,* 544 A.2d 680 (D.C.1988). The statute at issue in that case, D.C.Code § 33–552 (1988), provides for the forfeiture of money and other property used or intended for use in drug transactions. The claimant in *$345.00,* Ricardo Patterson, was arrested on a drug charge. That charge was dropped, but the District of Columbia brought a forfeiture action against the money which had been seized from Patterson at the time of his arrest. Even though there was no criminal conviction, we held that the evidence of Patterson's involvement in the drug transaction was sufficient to permit the trial court to "find, by a preponderance of the evidence, that the $345.00 had been used, or was intended for use, in violation of [the Controlled Substances Act]," and therefore "that the evidence presented by the government was sufficient to support the judgment of forfeiture." *Id.* at 682 (citation and footnote omitted). Likewise, in the case at bar, there was no criminal conviction, but we readily conclude that the government adequately proved that the seized currency and automobile were used to facilitate an illegal gambling operation. Significant for this case is the fact that in *$345.00* we directly compared the drug forfeiture statute with the statute involved here, D.C.Code § 22–1505(c),[1] and relied in part on prior case law under section 22–1505(c)

to support our holding "that in a § 33–552 forfeiture action the government need prove its case only by a preponderance of the evidence." *Id.* (citations and footnote omitted). *$345.00, $1,407.00,* and *$3,265.28* all make clear that proof beyond a reasonable doubt that a crime has been committed by the claimant is not a prerequisite to forfeiture.

■ Our holding that the basis for a forfeiture need be proven only by a preponderance of the evidence does not mean, however, that such a showing ends the trial court's inquiry. The language of section 22–1505(c) provides that the property shall be forfeited "unless good cause be shown to the contrary." This means that the government's *prima facie* showing[2] gives rise to a presumption of forfeitability, but that the presumption can be rebutted by the claimant. Such burden-shifting is explicitly required by federal forfeiture laws. In the federal courts, "[o]nce this initial showing has been made, the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture is applicable." *United States v. Premises Known as 3639 2nd Street, N.E.,* 869 F.2d 1093, 1095 (8th Cir.1989) (citation omitted). We think the language of D.C.Code § 22–1505(c) compels a similar approach in this case.[3] We therefore hold that in any forfeiture proceeding brought under D.C.Code § 22–1505(c), the introduction of evidence sufficient to show by a preponderance that the relevant property was used or intended for use in illegal

---

**1.** *See* 544 A.2d at 681 n. 5.

**2.** *I.e.,* a showing sufficient to permit the trial court to find, by a preponderance of the evidence, that the property was used or intended for use in violation of section 22–1505(c).

**3.** In *$345.00* we did not explicitly place on the claimant the burden to disprove the connection between the seized property and the illegal activity because the language of D.C.Code § 33–552 did not compel such a result. We noted the burden-shifting language of the federal statute, 19 U.S.C. § 1615, but contrasted it with the government's burden under section 33–552 to show the requisite connection by a preponderance of the evidence. *$345.00, supra,* 544 A.2d at 682 n. 6. Since the "good cause" language in

D.C.Code § 22–1505(c) is not found in section 33–552, the court's failure to shift the burden in *$345.00* does not control our decision here.

The federal statute under which the forfeiture proceeding in *3639 2nd Street* was brought requires the government to demonstrate the connection between the seized property and the illegal activity by a showing of probable cause. We do not adopt that standard of proof as part of our burden-shifting requirement. In forfeiture proceedings under D.C.Code § 22–1505(c), as our prior cases make clear, the burden shifts to the claimant as soon as the government has made a *prima facie* showing (see note 2, *supra*) that the property is forfeitable.

gambling activity raises a rebuttable presumption of forfeitability.

■ The record here reveals that the trial court correctly applied this standard and shifted the burden to the claimants, Mr. and Mrs. Spencer, to disprove forfeitability after the government had presented its evidence. That evidence was more than sufficient to show by a preponderance that the currency and the automobile facilitated the running of an illegal lottery. There was copious support both in the testimony and in the seized physical evidence for the trial court's findings, and thus we must sustain them. D.C.Code § 17–305(a) (1989). The record also makes clear that appellants were afforded their right to rebut the government's showing. The court considered their explanations as to the source of the money and their protestations regarding the automobile but rejected them, as it had a right to do. The court, sitting as trier of fact, was under no obligation to accept appellants' alternative version of the pertinent facts. We find no error. *See $6,200 in United States Currency v. District of Columbia,* 250 A.2d 551, 552–553 (D.C. 1969); *$3,265.28, supra,* 249 A.2d at 517–518; *$1,407.00, supra,* 242 A.2d at 219.

## II

■ Appellants' challenge to the chain of custody of the incriminating evidence is without merit. When evidence has been "in the possession of government officials charged with its keeping, the court may assume, absent evidence of tampering, that the officials properly discharged their duties." *Ford v. United States,* 396 A.2d 191, 194 (D.C.1978) (citation omitted). Once the government has shown that it preserved the evidence at issue according to standard procedure, "[i]t is up to the

defendant to introduce evidence that the routine handling of the evidence by the government did not suitably preserve [it]." *German v. United States,* 525 A.2d 596, 610 (D.C.), *cert. denied,* 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); *accord, United States v. Lane,* 192 U.S.App.D.C. 352, 353, 591 F.2d 961, 962 (1979). Because appellants did not present any such proof in this case, we find no abuse of discretion in the admission of the seized evidence.[4]

## III

Finally, appellants contend that the warrants were not supported by probable cause. This issue was not raised below, however, and thus we decline to consider it, following well-established precedent. *E.g., Miller v. Avirom,* 127 U.S.App.D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967).[5]

The judgment of forfeiture is accordingly *Affirmed.*

---

**4.** Appellants assert that the evidence seized from the three different locations became "commingled" after it was taken into custody. They base that assertion on a single remark by one police officer in the course of his testimony. That remark, in our view, is too ambiguous to support appellants' argument. But even if it did, any such commingling would be irrelevant because other evidence clearly linked Mr. Spencer to all three locations.

**5.** Even if the issue were properly before us, we would have little difficulty in concluding that there was ample probable cause. *See Minovitz v. United States,* 112 U.S.App.D.C. 21, 22, 298 F.2d 682, 683 (1962); *Stephens v. United States,* 106 U.S.App.D.C. 249, 251, 271 F.2d 832, 834 (1959); *DeBruhl v. United States,* 91 U.S.App. D.C. 125, 199 F.2d 175, *cert. denied,* 344 U.S. 868, 73 S.Ct. 111, 97 L.Ed. 673 (1952).