UNITED STATES of America

v.

**Luther R. WILSON, Jr., Appellant.**

No. 75–1713.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 17, 1975.
Decided June 28, 1976.

Delbert J. Brehman, Washington, D. C., for appellant.

Timothy J. Reardon, III, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

Opinion for the court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge:

This case presents the question of the jurisdiction and duty of a federal district court in a criminal case to return to the defendant that property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence. We hold that the district court has both the jurisdiction and the duty to ensure the return of such property.

## I

In an indictment filed on February 21, 1974, appellant was charged with possessing cocaine with intent to distribute it (21 U.S.C. § 841(a)); possession of cocaine (33 D.C.Code § 402); possession of marijuana with intent to distribute it (21 U.S.C. § 841(a)), and possession of marijuana (33 D.C.Code § 402). At his arraignment on March 14, 1974, appellant pleaded not guilty, and the case was set for trial on May 29. On March 18, appellant in the criminal case filed a "Motion for the Return of Seized Property," in which he sought the return of $2,725 in cash which had been seized pursuant to a search warrant by police officers from his apartment:

> Comes now the defendant, through his attorney and moves this Court for an order directing the United States Government and the Metropolitan Police Department to return to the defendant a quantity of money that was seized from his apartment at the time the metropolitan police department raided his apartment pursuant to a United States Magistrate's Search Warrant. In support it is alleged as follows:
>
> 1) On December 5, 1973, members of the Metropolitan Police Department raided the premises 1830 17th Street NW, Apt. 102, and seized a quantity of money that beloned [*sic*] to the defendant and which was not proceeds of crime.
>
> 2) The defendant contends that the police do not have any lawful right to the money and the same must be returned to the defendant. In addition the same will not be used as evidence in the case as it cannot be traced to criminal conduct.
>
> 3) And for reasons as may appear on the hearing of the motion.

When the case was called for trial on May 29, appellant, without pressing the mo-

tion, withdrew his previously entered plea of not guilty and pleaded guilty to possessing marijuana with intent to distribute it.

On July 16, 1974, the court imposed a sentence of one to three years' imprisonment, suspended its execution, and placed appellant on two years' probation. Additionally, appellant was fined $1,000. At the time of sentencing, appellant's counsel, repeating his earlier request, made an oral motion for the return of the $2,725. Thereafter, at the court's request, defense counsel and the prosecutor met informally to try to resolve the matter. The March 18 motion was never ruled upon.

On September 26, 1974, the prosecutor presented a memorandum to the court in which he analyzed appellant's bank accounts in light of appellant's representations about the money made during the informal negotiations and stated his belief that the bulk of the cash had been acquired in narcotics traffic. A copy of the memorandum was also sent to appellant. As a result of his analysis, the prosecutor returned $175 of the confiscated total to appellant. Appellant has paid the $1,000 fine. On December 3, 1974, approximately one year after its seizure, the remaining sum $2,725 less $175, or $2,550, was deposited by the property clerk of the Metropolitan Police into the General Revenue fund of the District of Columbia, where it now remains.

On April 7, 1975, appellant renewed his earlier request, through new counsel, by filing a motion in the criminal case for the return of the remaining sum. The motion bore the criminal case number and relied both upon Fed.R.Crim.P. 41(e)[1] and upon appellant's simple claim to have his property returned. The motion was denied by fiat on the same date. On April 17 appellant filed a motion for reconsideration and for a hearing. The Government filed an opposition stating that the money was subject to forfeiture. On June 4 the court denied the motion, again by fiat. On June 13 appellant filed a notice of appeal "from the order denying his Motion for Return of Seized Property entered in this action on the 7th day of April, 1975, and from the order denying his Motion for Reconsideration and for Hearing entered in this action on the 4th day of June, 1975."

## II

At oral argument in this court, the Government disclaimed the position that defendant was not entitled to the money and disclaimed reliance on the prosecutor's letter of September 26, 1974.[2] Given the difficult-to-trace nature of cash currency, we believe the Government's disclaimers were proper.

Appellant here argues his right to the money under Fed.R.Crim.P. 41(e) and a due process right to have his property returned. The Government's position, as reiterated at oral argument, rests on four arguments.

1. Rule 41(e) provides:

   A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

2. From the tape recording of oral argument on appeal, December 17, 1975:

Judge MacKinnon: Do you think that there's any basis here to sustain the claim that this man isn't entitled to this money?

Government counsel: I could answer your question, Your Honor, for argument's sake, and say no, no there isn't, but it's a civil matter, not a criminal matter.

Judge MacKinnon: In other words, you don't rely on the fanciful argument that's made in that letter [the September 26 letter]?

Government counsel: Your Honor, no, in all fairness to another colleague in the office, I'm not going to make any representation beyond the fact that we say that money is the root of all evil and that we have a criminal case pending as justification for that. The Government has not relied on it either in its brief or in its oral presentation to this court.

We deal with each of the Government's arguments in turn.

■ *First,* the Government, conceding that the district court had jurisdiction to dispose of the property before sentencing, argues that after sentencing the criminal matter terminated, and the district court thereafter lacked the requisite ancillary jurisdiction to dispose of the property. The Government asserts that the case does not meet the second and fourth criteria of *Morrow v. District of Columbia,* 135 U.S.App. D.C. 160, 172, 417 F.2d 728, 740 (1969):

> [A]ncillary jurisdiction should attach where (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.

As to the second criterion, Government counsel has acknowledged that the remaining $2,550 is appellant's. The fine has been paid. · There are no facts left to determine.[3]

As to the fourth criterion, it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner. Therefore, the district court has both the jurisdiction and duty to return such property. Appellant's efforts to regain the property were begun before sentencing and renewed at sentencing. The district court directed the parties to meet informally to resolve the matter. When it became clear that no fair resolution would issue, appellant properly returned to the court to vindicate his claim. There lay jurisdiction to consider the April 7, 1975 motion, and appeal from the denial thereof was timely filed in this court.

■ *Second,* the Government argues that appellant's guilty plea included a waiver of any claim of unlawfulness in the search and seizure of appellant's property, so that reliance on Rule 41(e) is fruitless, in that Rule 41(e) by its terms provides only for relief from illegal search and seizure. This argument of the Government highlights a difficulty in the federal rule provisions for custody and disposition of property: the failure to discriminate between proceedings for suppression of evidence and proceedings for the return of seized property. *Bova v. United States,* 460 F.2d 404, 406 n. 5 (2d Cir. 1972).[4] We hold that the district court,

---

**3.** At oral argument in this court appellant stated that an additional $10 was taken and is due. Since this $10 claim is mentioned nowhere in the record, we do not consider it on this appeal. Appellant may raise it before the district court on remand.

**4.** *See also* the ALI's treatment of the matter in A Model Code of Pre-Arraignment Procedure § SS 280.3 (1975), which in the note accompanying that section states in part:

> Existing statutes do not discriminate between grounds which may support a motion for return of seized things, as compared to a motion to suppress evidence. The federal rule (Fed.R.Crim.P. 41), for example, treats all the specified grounds as equally applicable to both. Yet there is plainly a great difference. A narcotics pusher from whom a quantity of heroin has been seized by an unlawful search may be entitled to suppress the heroin as evidence, but not to get it back.

> In most if not all circumstances, the legality *vel non* of the search or seizure is not relevant to disposition of a motion for return or restoration of the property. If possession of the things seized is unlawful, the state retains the things no matter how it got them. If stolen goods are involved and the true owner is on hand with undisputed evidence of title, he should have them restored whether or not their seizure by the police from the thief was proper or improper. If the seizure is for evidentiary purposes of things innocent in themselves, as for example an identifying garment or incriminating records, the lawfulness of the seizure goes only to the question of when they should be returned; when their evidentiary utility is exhausted, the owner should have back his overcoat or his business ledger.

once its need for the property has terminated, has both the jurisdiction and the duty to return the contested property here regardless and independently of the validity or invalidity of the underlying search and seizure.

■ It is unnecessary to examine the Government's position on Rule 41(e). Property which is seized in a criminal proceeding either by search warrant or subpoena may be ultimately disposed of by the court in that proceeding or in a subsequent civil action. It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case. It goes without saying, that if the Government seeks to forfeit the property a proper proceeding should be instigated to accomplish that purpose. *In Re Brenner*, 6 F.2d 425, 426–27 (2d Cir. 1925).[5] A claim by the owner for the return of his property cannot be successfully resisted by asserting that the property is *subject* to forfeiture. If the property is subject to forfeiture, appropriate proceedings should be started expeditiously.

*Third*, the Government argues that adequate civil remedies exist for appellant's relief. That is true. He could also bring a civil action, but, as we just noted, that neither discharges the district court's duties nor disturbs its jurisdiction.

■ *Fourth*, the Government maintains that the $2,550 is in the District of Columbia's bank account. Apparently, this is an argument of administrative inconvenience. It can be accorded no weight, particularly where, as here, the inconvenience appears to be minor, the property is appellant's, and, as stated by Government counsel at oral argument, the disposition of the money was a "decision almost by indecision." Whoever holds the money holds it subject to the order of the federal court and is subject to its judgment and the execution thereof.

The denial by the district court of the April 7, 1975 motion is reversed, and the cause is remanded to the district court to order the payment of $2,550 to appellant.

*Judgment accordingly.*

---

**5.** In *Brenner* the Second Circuit held that certain intoxicating liquors seized under alleged violations of the Prohibition Act were to be returned to petitioner Brenner. The court held:

> In view of the fact that it is perfectly evident to us that this seizure was not made because of a violation of the internal revenue law, and inasmuch as several years have elapsed since the seizure was made, and no information in rem for a forfeiture has been instituted, a summary application by petition for the return of the liquors will lie. If it appeared that the seizure was made for a violation of the internal revenue law, and that the liquor is in custody of the court on that ground, a summary application of this nature for its return might not be the proper course of procedure. But under the circumstances disclosed we do not doubt that the matter may be disposed of upon summary application of the petitioner.

6 F.2d at 427. Central to this holding is the proposition that, once an item of property is no longer pertinent to a criminal prosecution, the item may be returned on application to the same criminal court. The Supreme Court appears to have endorsed this proposition in *Di-Bella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), where the Court, in the context of the appealability of decisions on motions to return property, wrote:

> Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent . . . see *Carroll v. United States*, 354 U.S. 394, 404 n.17, [77 S.Ct. 1332, 1 L.Ed.2d 1442]; *In re Brenner*, 6 F.2d 425 (C.A.2d Cir. 1925).

369 U.S. at 131–32, 82 S.Ct. at 660.