**Robert Leon WILSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–890.**

District of Columbia Court of Appeals.

Argued May 6, 1980.

Decided Dec. 3, 1980.

Melvin A. Marshall, Washington, D. C., for appellant.

Richard C. Bicki, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Peter E. George, Michael S. Pasano, Melvyn H. Rappaport and Steven C. Tabackman, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KERN, NEBEKER and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant entered an *Alford* plea[1] to a charge of possession of narcotics in violation of D.C.Code 1973, § 33–402. When he subsequently moved for the return of money which had been seized from him at the time of his arrest, the trial court determined that it could not order the return of appellant's property because what the court considered to be the proper parties, the police and the District of Columbia, were not before it. The trial court granted the motion, however, as it related to the United States. Appellant challenges the trial court's ruling that the District government is an indispensable party to a motion for the return of property seized in connection with a criminal proceeding. We agree with appellant and conclude that the trial court— with the United States before it as a party—had the power to order the police property clerk to return money which the court might determine to be appellant's. Accordingly, we remand the case in order that the trial court may rule dispositively on appellant's motion.

I

On August 3, 1978, appellant was charged by information with the sale of a narcotic drug in violation of D.C.Code 1973, § 33–402. This followed a narcotics transaction the day before in which an undercover officer purchased a Dilaudid pill from appellant with $35 in marked police funds. Moments after the sale, appellant was arrested and searched.[2] The police recovered the $35 in police funds plus an additional $51 from appellant's person; no narcotics were found. On July 2, 1979, appellant entered his *Alford* plea to the lesser-included offense of narcotics possession.

On August 1, 1979, the trial court held a hearing on appellant's motion for return of the money which was seized from his person.[3] Because the United States did not file a timely opposition to appellant's motion, the trial court treated the motion as conceded as it related to the United States. However, although the court found it speculative to conclude that the money which appellant sought to recover was related to other narcotics transactions, it refrained from ordering the money returned since it believed that the proper parties, *i. e.*, the police and the District of Columbia, were not before the court.

II

We recognize that trial judges are often somewhat uncertain—and with good reason—as to the reach of the trial court's jurisdiction over post-conviction motions for the return of seized property. In fact, the problem is not always cast in terms of jurisdiction. As the experienced trial judge in this case noted:

THE COURT: Well, I'm not saying I don't have jurisdiction. I'm saying that whether I do or don't the proper party that has the money, to wit, the police, are not before me. And the United States Attorney does not represent the police department.

We conclude that, for the purpose of resolving a post-conviction motion to return property, the United States does, in effect, represent the police department. That is, the trial court has personal jurisdiction to rule on the motion when the United States is before it. Moreover, the trial court has subject matter jurisdiction over such a motion; its jurisdiction is concurrent with that of the property clerk under D.C.Code 1973, §§ 4–151 *et seq.*

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. While these events took place without a warrant, warrantless arrests, searches, and seizures are specifically authorized by statute where an officer has probable cause to believe that an individual has violated our narcotic drug laws. D.C.Code 1973, § 33–402(b). (This is without regard to common law probable cause concepts.)

3. Appellant requested the return of $95 which he claims the police seized at the time of his arrest, exclusive of the $35 in police funds. This amount, of course, presents a discrepancy between what is claimed and what purportedly was recovered.

The United States Court of Appeals for the District of Columbia Circuit has ruled that "the district court has both the jurisdiction and duty to return" property seized in connection with a criminal proceeding once the proceeding has terminated and the property is no longer pertinent to a criminal prosecution. *United States v. Wilson*, 176 U.S.App.D.C. 321, 324, 540 F.2d 1100, 1103 (1976). *Accord, United States v. Hubbard*, (D.C.Cir., No. 79–2312, July 24, 1980, slip op. at 21); *United States v. Wright*, 197 U.S.App.D.C. 411, 415–16, 610 F.2d 930, 934–35 (1979). We see no reason why the rationale of those cases should not apply in our court system.[4] *Wilson* has been followed in other jurisdictions which have considered the issue. *E. g., United States v. Premises Known as 608 Taylor Avenue*, 584 F.2d 1297 (3d Cir. 1978); *United States v. Palmer*, 565 F.2d 1063 (9th Cir. 1977); *United States v. LaFatch*, 565 F.2d 81 (6th Cir. 1977), *cert. denied sub nom. LaFatch v. MM Corp.*, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978); *United States v. Totaro*, 468 F.Supp. 1045 (D.Md. 1979); *United States v. Ortega*, 450 F.Supp. 211 (S.D.N.Y.1978). It has been followed in principle in state courts as well. *See, e. g., People v. Stewart*, 38 Colo.App. 6, 553 P.2d 74 (1976), *aff'd*, 193 Colo. 399, 566 P.2d 1069 (1977) (en banc) (once the state had alleged that funds which were seized from the defendant at the time of arrest and which were in the possession of the arresting authorities at the conclusion of criminal proceedings were the fruits of illegal activity, the criminal trial court had jurisdiction to determine whether the property should be returned to the defendant under the inherent power of the court to control and prevent the abuse of its processes); *People v. Hopkins*, 44 Cal.App.3d 326, 118 Cal.Rptr. 683 (1975) (under some circumstances, a trial court has jurisdiction under its inherent power to control property seized for the court's use to order the police to return to a

defendant property seized as evidence of crime); *People v. Hernandez*, 52 Mich.App. 56, 216 N.W.2d 438 (1974) (criminal defendants who sought the return of seized property properly did so within context of the criminal case, and the court properly directed the order to return to those police officers who had seized the property).

■  Consistent with such precedent, we adopt the position that the Superior Court has jurisdiction after a criminal trial to rule on a motion to return property which had been seized in connection with the prosecution. "It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case." *United States v. Wilson, supra*, 176 U.S.App.D.C. at 325, 540 F.2d at 1104; *accord, United States v. LaFatch, supra*, 565 F.2d at 83 ("[t]he interests of judicial efficiency dictate that the problem should be resolved by the criminal trial court.") Considerations of judicial economy apply with equal force to a case, such as this, which culminates in a guilty plea. Here, as in *United States v. Ortega, supra*, the trial judge became familiar with the facts and circumstances of the case in the process of taking the plea and in pronouncing sentence on appellant. "Thus, the assignment of this application to another judge of this court as a separate civil case would be a needless waste of judicial time and energy." *Id.*, 450 F.Supp. at 212. *See also People v. Stewart, supra* (trial court had jurisdiction to determine whether funds seized at time of defendant's arrest should be returned to defendant following his guilty plea).

The existence of separate civil remedies does not prevent the trial court from ordering (or denying) the return of property in the criminal case, if the latter route is selected by the defendant in a particular case. Our property clerk statute, enacted during the Civil War and last amended in 1970, was designed to authorize the police property clerk to return property upon application

---

4. While we are not bound by these decisions, *M.A.P. v. Ryan*, D.C.App., 285 A.2d 310 (1971), we find the court's opinion in *United States v. Wright, supra*, to be particularly persuasive inasmuch as its analysis rests in part on the court's interpretation of our property clerk statute which is consistent with an earlier decision of the predecessor to this court. *Carroll v. E. Heidenheimer, Inc.*, D.C.Mun.App., 44 A.2d 71 (1945).

by a rightful claimant and to protect the clerk from liability should he mistakenly return property to the wrong person. D.C. Code 1973, §§ 4–151 et seq.; see H.Rep. No. 377, 77th Cong., 1st Sess. (1941). The statute was not intended to deprive the local court of any of its substantive or ancillary jurisdiction, especially since "[d]etermination of title to personal property is basically a judicial function."[5] In other words, the property clerk statute is not exclusive, *United States v. Wright, supra; United States v. Wilson, supra,* and the existence of civil remedies does not defeat the criminal trial court's jurisdiction. *United States v. Totaro, supra; People v. Hernandez, supra; People v. Superior Court, Orange County,* 28 Cal.App.3d 600, 104 Cal.Rptr. 876 (1972).[6]

■ We further conclude that the Superior Court has personal jurisdiction to rule on a post-conviction motion for the return of property when the United States is before it. For the purpose of such a motion, the United States represents the government of the District of Columbia and its police. As correctly noted in *Goode v. Markley,* 195 U.S.App.D.C. 391, 394, 603 F.2d 973, 976 (1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980), "[a]ll crimes prosecuted under the District of Columbia Code are maintained in the name of the United States .... The [Court Reform] Act[7] did not vitiate the essential character of the District of Columbia as an arm of the sovereign United States." (Citations omitted). In its role as an arm of the United States in any criminal prosecution arising out of a violation of the

District of Columbia Code, the police department (albeit an agency of the District of Columbia government) holds seized property as agent for, and subject to the direction of, the trial court under whose authority it was seized. *See United States v. Wright, supra,* 197 U.S.App.D.C. at 419–20, 610 F.2d at 938–39 (whoever holds property seized from a defendant at the time of arrest does so as agent for, and subject to an order of, the United States District Court for the District of Columbia); *accord, United States v. Wilson, supra.* In *Wright,* the court rejected the government's argument, which it advances again in this case, that the trial court lacks personal jurisdiction over the District of Columbia, which holds the property, since it was not a party to the criminal action. We, too, reject that argument.

That police who have seized property pursuant to a search warrant hold the property on behalf of the court is obvious. In such a case, "possession by the officer is in contemplation of the law possession by the court." *People v. Superior Court, Orange County, supra,* 28 Cal.App.3d at 609, 104 Cal.Rptr. at 883. Likewise, when, as here, property has been seized incident to a lawful arrest, it is held on behalf of the court.

We deal with property seized by a public officer, acting under the color of his status as a law enforcement officer, and seized solely on the theory that it constitutes a part of the evidence on which judicial action against its owner or possessor will be taken. We regard property

---

5. We do not, as does the government, read D.C.Code 1973, § 4–157, as being tantamount to a "specific statutory denial of power," *Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 169, 417 F.2d 728, 737 (1969), to the trial court in all situations except that in which a defendant has been acquitted and the court is satisfied that he is innocent. That interpretation is inconsistent with the legislative history of the property clerk statute. *See United States v. Wright, supra,* 197 U.S.App.D.C. at 418, 610 F.2d at 937.

6. Nor does the fact that the trial court may review a property clerk determination de novo compel a contrary result. This type of review is authorized "because the property clerk is not

required to have any type of legal training or conduct proceedings in such a way as would conform to the minimum due process requirements of an administrative determination affecting property rights." *Kuhn v. Cissel,* D.C. App., 409 A.2d 182, 184 n.3 (1979); *see also Carroll v. E. Heidenheimer, Inc., supra,* 44 A.2d at 72. A claimant is not required to apply to the property clerk in the first instance; if he does, he is protected by the mechanism of de novo review.

7. District of Columbia Court Reform and Criminal Procedure Act, Pub.L. No. 91 358, § 111, 84 Stat. 473 (1970), codified at D.C.Code 1973, §§ 11 101 et seq.

so taken and so held as being as much held on behalf of the court in which the contemplated prosecution will be instituted as is property taken and held under a warrant. The seizing officer claims no right in or to the property, or in or to its possession, save and except as the court may find use for it. He must respond, as does any custodian, to the orders of the court for which he acted. [*Ibid.*, quoting from *Gershenhorn v. Superior Court, Los Angeles County*, 227 Cal.App.2d 361, 366, 38 Cal.Rptr. 576, 579 (1964).]

Consequently, there is no reason why the trial court should not be able to rule on a post-conviction motion for return of property seized in connection with a criminal proceeding when it has before it the parties to that proceeding, namely, the defendant and the United States. The presence of additional parties is unnecessary.

*Remanded for further proceedings consistent with this opinion.*