Steve ALLEYNE, Appellant,

v.

UNITED STATES, Appellee.

Lancelot JAMES, a/k/a Anthony James Lancelot, Appellant,

v.

UNITED STATES, Appellee.

Nos. 80–625, 80–692.

District of Columbia Court of Appeals.

Submitted Sept. 8, 1982.

Decided Jan. 17, 1983.

---

Melvin A. Marshall, Washington, D.C., was on the brief for appellants.

Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, John R. Fisher, and Jerry S. Goren, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and YEAGLEY, Associate Judge, Retired.

NEWMAN, Chief Judge:

This appeal followed the arraignment judge's denial of appellants' motion for return of property after the government "no papered" appellants' cases.

This appeal arose from the following factual setting. On April 10, 1980, appellants were arrested and charged with violating the Uniform Narcotics Act, D.C.Code 1973, § 33–402, a misdemeanor. At the time of arrest the police took $997 from appellants. Exercising its prosecutorial discretion, the government disposed of the cases by *nolle prosequi* at arraignment later the same day.

Eighteen days later appellants filed a motion for return of property with the Superior Court. It was referred to Judge Frederick H. Weisberg, the judge who had presided at the arraignment. He responded by letter on May 6, 1980, saying that he did not believe he had jurisdiction to entertain the motion and instructing appellants to follow the procedure for obtaining the release of property provided in D.C.Code 1973, § 4–151 *et seq.*[1]

On May 15, 1980, appellants wrote Judge Weisberg, arguing that the court had jurisdiction. The judge once again responded by letter on May 28, 1980, stating that his first letter disposed of the issue and that he did not intend to respond any further. Appellants then noted this appeal.

We treat this appeal as a petition for mandamus and remand to the trial court with instructions to hold a hearing to determine the disposition of the money seized from appellants.

Appellants, citing *Wilson v. United States,* D.C.App., 424 A.2d 130 (1980),[2] maintain that the Superior Court had jurisdiction to consider the motion for return of property and to enter an order directing the property clerk to return appellants' property. Appellants are correct. *Wilson* raised the question whether the Superior Court had jurisdiction to decide such motions in a case where the appellant/defendant pleaded guilty, rather than stood trial. This court held that it did and that its jurisdiction was concurrent with that of the property clerk under D.C.Code 1973, § 4–151 *et seq.* In so holding, this court found dispositive cases from other courts holding that they had jurisdiction to hear post-conviction motions for the return of property when that property was no longer pertinent to a criminal prosecution. The court reasoned that considerations of common sense and judicial economy required identical treatment of the two circumstances. *Wilson, supra* at 132. Furthermore, the court found the existence of separate civil remedies did not preclude it from ruling on a criminal defendant's motion: the legislative history of the property clerk statute reveals that it was not intended to divest the courts of jurisdiction over the same matters. *Id.* at 133.

The rationale of *Wilson* is fully applicable here, despite the fact that no trial was ever

---

1. D.C.Code 1973, § 4–151 *et seq.* creates the office of the·property clerk of the metropolitan police district and prescribes a procedure by which property that is lost, abandoned or the proceeds of crime may be claimed by and returned to its lawful owner.

2. The date of our issuance of this opinion was December 3, 1980, i.e., over six months after Judge Weisberg's last letter to counsel.

held. In both situations there is no "case" pending before the court. It is true that in the post-conviction context the judge has heard all the facts pertinent to issues involved in property return motions, whereas he has not had such an opportunity when the case is disposed of by *nolle prosequi.* That should be no bar, however, to taking jurisdiction over a motion where no trial has occurred. It is a simple enough matter for a judge to hold a hearing at whatever stage the motion is brought, eliciting the facts just as would be done at trial.

Finally, appellants ought not be forced to resort only to the property clerk. We take this opportunity to reiterate what we held in *Wilson:* the property clerk statute neither was intended, nor does it in effect, divest the Superior Court of jurisdiction to entertain a motion for return of property.

We remand to the trial court with instructions to hold a hearing to determine the disposition of the property seized.

*So ordered.*