Ronald J. STEVENS, Appellant,

v.

UNITED STATES, Appellee.

No. 82–605.

District of Columbia Court of Appeals.

Submitted April 19, 1983.

Decided June 29, 1983.

Greta C. Van Susteren, Washington, D.C., was on brief for appellant.

G. William Currier, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell and Elliot R. Warren, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before MACK * and BELSON, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

This case is before us on appeal from denial of a motion for return of property. Appellant was indicted for armed robbery. The complaining witness reported that approximately $540 in cash had been taken from him during the course of a robbery. The sum of $503 and an imitation pistol were recovered from appellant at the time of his arrest a few minutes later.[1] After trial the jury returned a verdict of not guilty. Appellant's counsel then filed a motion for return of property, asking the trial court to order the return of the $503 seized from appellant at the time of his arrest. In its opposition to the motion, the government informed the trial court that in the month following appellant's arrest, and well before his trial, the money had been released to the complaining witness "on a good faith basis" pursuant to a property release executed by the United States Attorney's Office.

The trial judge issued an order denying appellant's motion, stating that since the Metropolitan Police Department no longer retained any money associated with the criminal charges, the issue was rendered

---

* *Associate Judge* MACK dissents.

1. This information was contained in the government's opposition to appellant's motion for return of property. The transcript of trial was not a part of the record on appeal.

moot. Appellant now seeks reversal of the trial court's order. We affirm.

Appellant would rely on our decision in *Wilson v. United States,* 424 A.2d 130 (D.C. 1980). There we held that the Superior Court had jurisdiction to rule upon a motion to return property made in a case prosecuted by the United States even though neither the Metropolitan Police Department Property Clerk who had possession of the property nor the District of Columbia was formally before the court. We held that the United States represented the Metropolitan Police Department and the District of Columbia in connection with property held by the Property Clerk on behalf of the court where the property had been seized pursuant to a search warrant or incident to a lawful arrest. *Id.* at 133. We agreed with an earlier holding of the United States Court of Appeals for the District of Columbia Circuit that judicial economy would be served by having the matter disposed of upon motion before the judge who had tried the criminal case and was familiar with the circumstances of the seizure. *Id.* at 132, citing *United States v. Wilson,* 176 U.S.App. D.C. 321, 324, 540 F.2d 1100, 1104 (1976). *See also United States v. Wright,* 197 U.S. App.D.C. 411, 610 F.2d 930 (1979). We therefore recognized that a person seeking the return of such property had the choice of proceeding either by motion in a court proceeding ancillary to the criminal trial or by application to the Property Clerk pursuant to D.C.Code § 4–152 *et seq.* (1981).

The government takes the position that the reasoning of *Wilson* does not apply to the circumstances present here, arguing that to require a trial judge to delay other proceedings on a crowded criminal calendar to consider and resolve what are in reality complicated civil tort liability issues outside the previous trial record is inimical to judicial efficiency and economy.

■ We are persuaded that in a case where the property has been returned to a person other than the accused before trial, it is inappropriate for the trial court to entertain a motion for return of property ancillary to the criminal proceeding.[2] Since the money can no longer be returned by the Property Clerk, appellant is asking not for an order directing the return of money but, in effect, a judgment of the trial court that he is entitled to damages in the amount claimed.

Our view is consistent with the holdings of the federal courts which have addressed the issue. In *Mayo v. United States,* 425 F.Supp. 119, 122 (E.D.Ill.1977), the court noted that FED.R.CRIM.P. 41(e) "does not specifically provide a remedy where the property is no longer in existence . . . ." It went on to hold that where a printing press had been illegally seized from defendant and later illegally destroyed (apparently after trial, although this is not altogether clear), and defendant filed a post-trial motion seeking either the return of the press or its equivalent in money, the defendant could not obtain relief by motion under Rule 41(e) since money damages could not be awarded pursuant to that rule.

In *United States v. Totaro,* 472 F.Supp. 726 (D.Md.1979) a United States District Court dealt with facts more similar to ours. Following his conviction for bank robbery, defendant moved for the return of money seized from his person and his residence. The United States submitted an affidavit of an FBI agent to the effect that after trial and appeal, and upon the authorization of an Assistant United States Attorney, the money had been turned over to the bank that had been robbed. The court held that its ancillary jurisdiction to decide post-conviction motions did not extend to claims for damages for seized property no longer in the possession of the government.

---

2. The circumstances here are substantially different from those in *United States v. Wilson, supra,* 176 U.S.App.D.C. at 324, 540 F.2d at 1104, where it was held that the trial court had jurisdiction to act even though the money in question had been transferred from the Property Clerk to the general revenue fund of the District of Columbia.

The circumstances before us differ from those before the court in *Totaro* in one important respect. Here, the Property Clerk returned the money in dispute to the alleged victim of robbery prior to trial.[3] In view of the provisions of D.C.Code §§ 4–158, –159 (1981) and of Super.Ct.Cr.R. 41(g), all of which are set forth below,[4] it is inappropriate, in the absence of special circumstances,[5] to return property to an alleged victim of crime before trial has been held and the defendant has had the opportunity to seek its return. Nevertheless, we are persuaded that in circumstances like those before us, where a hearing on the motion would require the criminal trial judge in effect, to try what is essentially a civil action and consider entering judgment against one or more parties rather than simply ordering a return of property, the motion for return is properly denied. We add that it is apparent here that the type of proceeding which would be necessary to resolve the issues raised would no longer be ancillary in nature. *Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 172, 417 F.2d 728, 739 (1969). There are at least two competing claimants, and the question of responsibility for the apparently premature release of the money might have to be resolved.[6]

Since we agree that the trial judge acted correctly in dismissing the motion, the action of the trial court is

*Affirmed.*

*Associate Judge* MACK dissents.

---

**3.** Another distinction is that appellant here was acquitted of the charge. While significant, this fact is not of controlling importance since motions for return of property can be made in some circumstances by persons who are convicted as well as those who are acquitted.

**4.** D.C.Code § 4–158 (1981) provides:

Whenever property or money shall be taken from persons arrested, and shall be alleged to have been feloniously obtained, or to be the proceeds of crime, and whenever so brought with such claimant and the person arrested before any court for trial, and the court shall be satisfied from evidence that the person arrested is innocent of the offense alleged, and that the property rightfully belongs to him, said court may, in writing, order such property or money to be returned, and the Property Clerk, if he have it, to deliver such property or money to the accused person himself, and not to any attorney, agent, or clerk of such accused person.

D.C.Code § 4–159 (1981) provides:

If any claim to the ownership of such property or money shall be made on oath before the court, by or in behalf of any other persons than the persons arrested, and the accused person shall be held for trial or examination, such property or money shall remain in the custody of the Property Clerk until the discharge or conviction of the persons accused.

Super.Ct.Cr.R. 41(g) provides:

A person aggrieved by an unlawful search and seizure may move the court for the return of the property and to suppress for use as evidence anything so obtained on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted and has become final the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.

**5.** We recognize the possibility that circumstances might exist where one who is alleged to be the victim of a crime might have a compelling need prior to trial to possess property allegedly taken from him. We do not foreclose the possibility that, with appropriate safeguards, such property can be returned but remain available as evidence and subject to a motion by the accused for its return.

**6.** Since the issue is not before us, we express no opinion as to what, if any, theories of civil liability may be pursued by appellant or what parties may be sued.