**Wayne A. GARDINER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 84-985.**

District of Columbia Court of Appeals.
Argued July 1, 1985.
Decided Oct. 31, 1985.

Arthur M. Reynolds, Jr., Washington, D.C., for appellant.

Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

---

Before PRYOR, Chief Judge, BELSON, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

Appellant seeks reversal of an order striking his answer and entering judgment by default in a libel action for forfeiture of certain jewelry. We hold that the motions court abused its discretion in entering that order and remand the action for further proceedings.

At issue is the sanction imposed on Wayne A. Gardiner for failure to make discovery. The District of Columbia instituted the civil action by filing a libel of information for forfeiture of assorted items of jewelry. The District alleged that these items of jewelry, seized by District police officers, were "furnished or intended to be furnished in exchange for a controlled substance in violation of [D.C.Code §§ 33–501–567 (1981 & 1984 Supp.)]," or were "proceeds traceable to such an exchange." D.C.Code § 33–552(a)(7) (1985 Supp.). Wayne A. Gardiner filed a timely answer.[1]

The District served interrogatories and requests for production of documents upon Wayne A. Gardiner on February 2, 1984. On April 25, 1984, the District moved to compel Gardiner's answers to interrogatories and requests for documents and asked for costs and attorney fees. *See* Super.Ct. Civ.R. 37(a)(2) & (4). The District explained that Gardiner had responded to nei-

ther the February 2 interrogatories nor a March 12 letter of inquiry from the District. On May 1, 1984, the motions judge granted the District's unopposed motion to compel and awarded $100 in costs and attorney's fees to the District. The court directed Gardiner "to give full and complete answers to interrogatories and requests for the production of documents within 30 days of [May 1, 1984]." The order further set forth that Gardiner's failure to comply within the specified time period would result in the striking of his answer and a default decree of forfeiture.

On May 4, 1984, Gardiner filed his answers. Of the 13 interrogatories and requests, Gardiner objected to 3 on the grounds of the Fifth Amendment.[2]

The District, on May 16, 1984, moved to strike Gardiner's answer and for a default decree of condemnation. The District argued that Gardiner's right to object on Fifth Amendment grounds was waived by the failure to object within 30 days from the initial service of the interrogatories. *See* Super.Ct.Civ.R. 33(a).[3] Gardiner opposed. He contended that since compliance with the May 1 order was not due until June 1, the District's motion was premature. He asked the court to reject the District's argument that he had waived his objections on Fifth Amendment grounds, but that if the court should hold otherwise, he be granted leave to provide answers rather than suffer forfeiture.[4] On May 29,

---

**1.** Wayne Gardiner asserts on appeal, as he did in an opposition to libellant's motion to strike, that his answer was also on the behalf of Sharon Anderson Gardiner. It appears, however, that the answer, with the introductory phrase, "COME NOW respondents Assorted Items of Jewlery [sic], Wayne Anthony Gardiner, by and through counsel," was on Wayne Gardiner's behalf only. The answer's caption, listing both Wayne Gardiner and Sharon Gardiner, is merely repetitive of the caption on the District's libel of information, and does not, in itself, indicate that the answer was on Sharon Gardiner's behalf also. On remand, the court may entertain from Sharon Gardiner a request to appear and file an answer.

**2.** These interrogatories inquired into the facts surrounding the seizure of the jewelry, Gard-

iner's relationship to the premises, whether he possessed narcotics, and if so, for what purpose.

**3.** The District also noted that Gardiner did not sign and return the requested authorization form regarding income tax filings, nor attach the receipts he stated were so included, nor pay the $100 award.

**4.** Gardiner explained that it was his expectation that the District would consent to extensions to answer interrogatories, as he had "consented" to an extension that the District requested from the Court. On appeal, Gardiner concedes that the District complied with court rules in obtaining its extension, whereas Gardiner did not obtain an extension pursuant to Super.Ct.Civ.R. 6(b).

1984, without a hearing, the motions judge granted the District's motion to strike Gardiner's answer and entered a default decree of condemnation. Gardiner appeals from this decision.[5]

We have often observed that dismissal for failure to comply with a discovery order is a most severe sanction. *See, e.g., Shimer v. Edwards,* 482 A.2d 399, 400 (D.C.1984). We review the court's imposition of Rule 37 sanctions under the abuse of discretion standard. *See, e.g., Pollock v. Brown,* 395 A.2d 50, 52 (D.C. 1978). The trial court, before ordering dismissal, must " 'consider whether less severe and more appropriate sanctions than dismissal [are] justified.' " *Braxton v. Howard University,* 472 A.2d 1363, 1366 (D.C.1984) (quoting *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337, 339 (D.C. 1972)). Although the court need not state its rationale for imposing dismissal, "a court which fails to state any reasons at all runs a serious risk that its decision will not withstand appellate scrutiny." *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 689 (D.C.1983). Generally, a reviewing court cannot determine whether a dismissal was an appropriate exercise of discretion unless the trial court states the reason for that sanction. *Durham v. District of Columbia,* 494 A.2d 1346, 1351 (D.C.1985); *accord Vernell v. Gould,* 495 A.2d 306, 311 (D.C.

1985) (trial court must somehow indicate consideration of lesser sanctions).

In the instant case, appellant expressly presented the court with a lesser alternative to default. Appellant posited in his opposition to the District's motion that if the court ruled that he had waived his Fifth Amendment objections, then he would answer rather than risk default.[6] The record does not indicate that the court considered that or any other lesser sanction, thus requiring us to reverse its order of default. *See, e.g., Braxton,* 472 A.2d at 1366. Indeed, given the particular facts of this case, we hold that dismissal was too severe a sanction as a matter of law.[7] *See Himmelfarb v. Greenspoon,* 411 A.2d 979, 982 (D.C.1980) (trial court may abuse discretion by " 'imposing a penalty too strict or unnecessary under the circumstances,' " quoting *Dodson v. Evans,* 204 A.2d 338, 341 (D.C.1964)).

*Reversed and remanded for further proceedings consistent with this opinion.*

**5.** Gardiner also moved in Superior Court for reconsideration of the order of condemnation. He reiterated his prior arguments, and contended that default was too severe a sanction, particularly since he was denied the opportunity to cure any alleged deficiency in his responses. The court denied the reconsideration motion, also without hearing.

**6.** We do not reach here the issue of whether Gardiner's failure to object within 30 days constitutes a waiver of Fifth Amendment objections, but note that various authorities have addressed this topic: *see e.g. Golding v. Taylor,* 19 N.C.App. 245, 198 S.E.2d 478 (1973); *Black Panther Party v. Smith,* 213 U.S.App.D.C. 67, 661 F.2d 1243 (1981), *vacated,* 458 U.S. 1118, 102

S.Ct. 3505, 73 L.Ed.2d 1381 (1982) (mem.); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2018 (1970). On remand, the trial court may inquire into the status of the criminal charges against the Gardiners if the District renews its request that appellant be required to answer the interrogatories in question. *See, e.g., United States v. U.S. Currency,* 626 F.2d 11, 16–17 (6th Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980) (possibility of stay of forfeiture proceedings until completion of criminal prosecution or running of statute of limitations).

**7.** The order striking appellant's answer also is infirm because it was entered prematurely. *See Grier v. Rowland,* 409 A.2d 205, 208 (D.C.1979).