**Gary C. DICKSON, Appellant**

v.

**Shay C. MATTERA, Detective, Appellee**

**No. 01–7120.**

United States Court of Appeals, District of Columbia Circuit.

May 2, 2002.

Before EDWARDS, RANDOLPH, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and response to the court's January 2002 order to show cause filed by appellant. It is

ORDERED AND ADJUDGED that the district court's orders filed June 7 and June 28, 2001, be affirmed.

Appellant cannot state a standard due process claim because the District of Columbia provides adequate post-deprivation remedies, *see Hudson v. Palmer*, 468 U.S. 517, 530–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 537–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), including an action in detinue, *see, e.g., Lewis v. Aderholdt*, 203 A.2d 919 (D.C.1964), *cert. denied*, 382 U.S. 872, 86 S.Ct. 111, 15 L.Ed.2d 110 (1965), and a request for return of the seized items by the Property Clerk, *see* D.C.Code Ann. §§ 5–119.05 and 5–119.06 (2001), with judicial review of any adverse decision in D.C. Superior Court, *see Kuhn v. Cissel*, 409 A.2d 182 (D.C.1979).

Nor can appellant state a claim under the ancillary jurisdiction doctrine of *United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976), and *United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979). Appellant's property was not seized pursuant to a court-authorized warrant, and the court did not have any other involvement with the property significant enough to warrant the exercise of jurisdiction under *Wilson* and *Wright*.

Finally, we will not consider appellant's assertion that the United States Army was involved in his arrest, as appellant did not make that assertion in district court. Moreover, to the extent that appellant seeks the return of property being held pending completion of the Army's criminal proceedings against him, he may seek relief upon the conclusion of those proceedings.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any petition for rehearing or petition for rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.